UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMMIE COLLIER,

        Plaintiff,

v.

KENNETH MONROE,
DENNIS MCGUCKIN,
NATHAN SATURA,
DANIEL BOWLING, and
AARON LOCKE,

        Defendants.
_____/

Case No. 25-cv-11959
Honorable Linda V. Parker

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND SUMMARILY DISMISSING COMPLAINT

On June 30, 2025, Plaintiff filed this pro se lawsuit against Defendants, who are either Michigan State Police ("MSP") Troopers or Alcohol, Tobacco, and Firearms ("ATF") Special Agents. Plaintiff also filed an application to proceed in forma pauperis ("IFP"). In the Complaint, Plaintiff claims Defendants violated his Fourth Amendment rights in connection with a traffic stop on May 5, 2023. The Court is granting Plaintiff's motion to proceed IFP. However, because the Complaint fails to state a claim upon which relief may be granted against Defendants, the Court is summarily dismissing it pursuant to 28 U.S.C. § 1915(e)(2).

**Standard of Review**

District courts are required by statute to dismiss an action filed IFP if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 2007).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact" or describes "fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**Analysis**

Pro se complaints are held to "less stringent standards" than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Nevertheless, even under this liberal standard, Plaintiff's Complaint is subject to summary dismissal.

In July 2023, Plaintiff filed a previous lawsuit against Defendants arising from the same traffic stop and alleged unconstitutional conduct:  Compl., *Collier v. Bowling*, No. 23-cv-11675 (E.D. Mich. July 13, 2023), ECF No. 1.  The Honorable Bernard A. Friedman, to whom the case was then assigned, dismissed Plaintiff's claims against Defendants for failure to state a claim upon which relief could be

granted in an opinion and order issued on November 16, 2023.[1] Op. & Order Partially Dismissing Compl., *id.* (E.D. Mich. Nov. 16, 2023), ECF No. 5. The Court reasoned, that "even construing the factual allegations liberally and viewing them in a light most favorable to Collier, none of the actions he attributes to those defendants deprived him of a federal or constitutional right or privilege, as [42 U.S.C. § 1983] and *Bivens* actions require." *Id.* at PageID. 31-32 (citing *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010); *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015). Plaintiff moved for reconsideration, but the motion was denied. Op. & Order, *id.*, ECF No. 9.

The prior dismissal of Plaintiff's claims against Defendants bars him from asserting them again here. *See Smith v. Morgan*, 75 F. App'x 505 (6th Cir. 2003) (affirming the summary dismissal of the plaintiff's complaint against defendants he sued previously, where the prior claims were dismissed under § 1915(e) and holding that a dismissal under the statute "constitutes an adjudication on the merits for purposes of res judicata"). "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could

---

[1] Plaintiff's lawsuit remained pending against a defendant not named in the current action, Clare County Jail Corporal Nokes. The case subsequently was reassigned to the undersigned pursuant to Administrative Order 24-AO-003. On April 16, 2025, the Court dismissed Plaintiff's claims against Nokes without prejudice due to his failure to prosecute the action. Op. & Order, *Collier v. Bowling*, No. 23-cv-11675 (E.D. Mich. Apr. 16, 2025), ECF No. 28. A Judgment was entered on the same date. *Id.* ECF No. 29.

have been raised in that action." *Allied Erecting and Dismantling Co., Inc. v. Genesis Equip. & Mfg., Inc.*, 805 F.3d 701, 708-09 (6th Cir. 2015) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)) (emphasis removed). A subsequent action is barred by the doctrine of res judicata if four requirements are satisfied: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Id.* at 708-09 (quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)). All four elements are satisfied here.

Accordingly,

**IT IS ORDERED** that Plaintiff's application to proceed IFP (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: July 15, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 15, 2025, by electronic and/or U.S. First Class mail.

                                                              s/Aaron Flanigan
                                                              Case Manager