UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMMIE COLLIER,

    Plaintiff,

v.

                Case No. 25-cv-11959
                Honorable Linda V. Parker

KENNETH MONROE, et al.,

    Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND TO FILE AMENDED COMPLAINT

On June 30, 2025, Plaintiff filed this pro se action against Defendants and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The Court granted Plaintiff's IFP application but summarily dismissed the Complaint pursuant to 28 U.S.C. § 1915(e)(2) because his claims are barred by the doctrine of res judicata. (ECF No. 5.) The matter is now before the Court on Plaintiff's motion for reconsideration and to file an amended complaint. (ECF No. 7.)

### Standards of Review

### "Reconsideration"

Eastern District of Michigan Local Rule 7.1(h)(1) precludes motions for reconsideration of final orders or judgments. Instead, motions seeking relief from a final order or judgment must be filed under Federal Rule of Civil Procedure 59(e)

or 60(b). E.D. Mich. LR 7.1(h)(1). Thus the Court construes Plaintiff's filing as seeking relief under Rule 59(e) and/or Rule 60(b).

Motions to alter or amend judgment pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)); *see also Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)) ("A motion under Rule 59(e) is not an opportunity to re-argue a case."). "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *In re J & M Salupo Dev. Co.*, 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008) (quoting *Am. Textile Mfrs. Inst., Inc. v. Limited Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998)).

Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for a number of reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." Info-Hold, Inc. v. Sound Merchandising, Inc., 538 F.3d 448, 454 (6th Cir. 2008) (internal quotation marks and citations omitted).

## Amendment

Federal Rule of Civil Procedure 15(a) provides that leave to amend is "freely" granted "when justice so requires." *See* Fed. R. Civ. P. 15(a). The United States Supreme Court has advised that a plaintiff should be allowed the opportunity to test a claim on the merits if the facts and circumstances underlying the claim suggest that it may be a proper subject of relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the Court further instructed that a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id*. The futility of an amendment is judged according to the standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Analysis

Plaintiff fails to satisfy his burden of showing that he is entitled to relief under Rule 59 or 60. He does not identify any reasons why the Court's previous conclusion that his claims are barred by res judicata should be reconsidered. The purported lack of a warrant, probable cause, or consent for the search that is the underlying basis for his claims does not impact whether res judicata applies. Nor do his other challenges to the search.

Plaintiff has not attached a proposed amended pleading to his motion, as required by Eastern District of Michigan Local Rule 15.1. But even putting this defect aside, he offers no argument or facts in his motion to suggest that an amendment would avoid the bar of res judicata. Thus, the Court finds any amendment to be futile.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration and to amend his Complaint (ECF No. 7) is **DENIED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: August 19, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 19, 2025, by electronic and/or U.S. First Class mail.

                                                s/Aaron Flanigan
                                                Case Manager