UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMMIE COLLIER,

        Plaintiff,

v.                                          Case No. 25-cv-11959
                                                    Honorable Linda V. Parker

KENNETH MONROE, et al.,

        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME**

On July 15, 2025, this Court issued an opinion and order summarily dismissing Plaintiff's Complaint. (ECF No. 5.) On the same date, the Court also issued a Judgment. (ECF No. 6.) Both filings were served on Plaintiff at the address he provided to the Court. (*See* 7/15/25 Text-Only Cert. of Serv.) Plaintiff filed a motion for reconsideration on August 15, 2025 (ECF No. 7), which the Court denied four days later (ECF No. 8). This decision also was served on Plaintiff. (*See* 8/19/25 Text-Only Cert. of Serv.)

On October 1, 2025, Plaintiff filed a notice of appeal with respect to the Court's decisions. (ECF No. 9.) Because the appeal was late, the Sixth Circuit ordered Plaintiff to show cause in writing within 21 days as to why his appeal should not be dismissed. (ECF No. 11.) Plaintiff responded to the show cause order on October 24, stating that he did not receive notice of the "entry of

judgment" within the 21-day time period contemplated in Federal Rule of Appellate Procedure 4(a)(6). *See* Resp., *Collier v. Monroe*, No. 25-1895 (6th Cir. Oct. 24, 2025), ECF No. 3. Plaintiff also indicated that he filed a motion for an extension of time or to reopen the time to appeal with the district court. (*Id.*)

In that motion, which also was filed on October 24, Plaintiff made the same contentions about not receiving the Court's "entry of judgment," although Plaintiff specifically identified the filing that he did not receive as the one entered on August 19, 2025—that being, the denial of his motion for reconsideration. (ECF No. 12.) On December 18, the Sixth Circuit issued an order remanding the matter for this Court to consider whether to extend or reopen Plaintiff's time for filing the notice of appeal.

A notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1). However, if a party files certain motions under the Federal Rules of Civil Procedure and those motions are timely, Rule 4 provides that "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion[.]" Fed. R. App. 4(a)(4). Motions for judgment pursuant to Rule 50(b) and motions for relief from judgment pursuant to Rule 60 are included in the list of motions that toll the deadline for filing a notice of appeal. *See id.* Thus, Plaintiff had 30 days from August 19,

2

2025—that being the date the Court decided his post-judgment motion—to file his notice of appeal.

The Federal Rules of Appellate Procedure permit a district court "to extend the time to file a notice of appeal if . . . a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires . . . ." Fed. R. App. P. 4(a)(5)(A)(i). In other words, a party has up to 60 days after entry of judgment, but no later than that, to move for an extension of time. "This time limit is strictly enforced." *Keasey v. Fed. Exp. Corp.*, 93 F. App'x 805, 805 (6th Cir. 2004) (citing *Beard v. Carrollton R.R.*, 893 F.2d 117, 120 (6th Cir. 1989)); *see also Hayes v. Allstate Ins. Co.*, 2 F. App'x 470, 472 (6th Cir. 2001) (citations omitted). Plaintiff's current motion was filed beyond this 60-day period, and so no extension of the time to appeal can be granted.

On motion, the district court may reopen the time to file an appeal for an additional 14 days after the order to reopen is entered if all of the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; *and*

3

    (C) the court finds that no party would be prejudiced.

Fed. R. App. 4(a)(6) (emphasis added). The "motion" required under Rule 4(a)(6) "is not the same thing as the 'notice' a party must file to appeal." *Martin v. Sullivan*, 876 F.3d 235, 237 (6th Cir. 2017) ("A notice of appeal and a motion are two different things. So it follows that merely filing a notice of appeal does not amount to a motion for more time to file an appeal."). The moving party bears the burden to demonstrate nonreceipt within 21 days of entry of the judgment or order sought to be appealed. *See Shuler v. Orangeburg Cnty. Sheriff's Dep't*, 71 F.4th 236, 243 (4th Cir. 2023) (citing *Nunley v. City of Los Angeles*, 52 F.3d 792, 795 (9th Cir. 1995); *Moment v. Mortel*, No. PWG-16-3966, 2018 WL 5113142, at *1 (D. Md. Oct. 18, 2018) (quoting *McDaniel v. Moore*, 292 F.3d 1304, 1307 (11th Cir. 2002)); *Portley-El v. Milyard*, 365 F. App'x 912, 916 (10th Cir. 2010) (citing *Nunley*, 52 F.3d at 795). All of the conditions are not satisfied here.

  The Sixth Circuit has indicated that a party seeking to reopen the appeal window must provide some supporting evidence for the contention that the party never received notice of the judgment or order to be appealed. *Evans v. United States*, No. 96-1962, 1998 WL 598712, at *2 (Aug. 28, 1998) (citing *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994)) (finding that the district court did not abuse its discretion in denying the defendant's motion where he "failed to provide any supporting evidence for his contention that he never received notice").

Here, the record reflects that the Court's rulings and Judgment were mailed to Plaintiff at the address he had provided. *See supra*. None of the mailings were returned as undeliverable. "Except for his denial," Plaintiff has done nothing to meet his burden of proving non-receipt. *Evans*, 1998 WL 598712, at *2. Thus, the first requirement is not satisfied.

Further, Plaintiff's filings reflect that he had notice of the August 19 decision denying his post-judgment motion by at least September 21, 2025, when he signed and dated his notice of appeal of that decision. (*See* ECF No. 9.) Plaintiff did not file his motion to reopen the time to file an appeal until October 24, which was more than 14 days later. Thus, he does not satisfy the second requirement to warrant reopening the time to appeal.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for an extension of time or to reopen time to file his appeal is **DENIED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: December 22, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 22, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan  
Case Manager